UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SALLY STERN,                                    )<br>        Plaintiff,                     )<br>                                                 )<br>-v-                                              )<br>                                                 )<br>CHAPEL HILL CHARRBORO CITY SCHOOLS,  )<br>        Defendant.                     )<br>_____)  | No. 1:14-cv-581<br><br>HONORABLE PAUL L. MALONEY |

## ORDER TRANSFERRING CASE TO THE MIDDLE DISTRICT OF NORTH CAROLINA

Plaintiff Sally Stern initiated this lawsuit in the Western District of Michigan. Stern requested and was granted leave to proceed in forma pauperis. She is not represented by counsel. The Court has made an initial review of the complaint. *See* 28 U.S.C. § 1915(e)(1).

Based on the allegations in the complaint, which is in the form of a letter and attachments, none of the events giving rise to the lawsuit occurred in Michigan. Stern alleges she suffered discriminatory treatment when she was terminated in March 2014. At the time, she was employed as a substitute teacher by the Chapel Hill Charrboro Schools in Chapel Hill, North Carolina. Later that same month, she contacted the EEOC Office in Raleigh, North Carolina and initiated an investigation. The EEOC sent a dismissal and notice of rights letter on April 28, 2014. Stern opened this lawsuit on May 29, 2014. Stern indicates she is currently living in Ludington, Michigan.

Under 28 U.S.C. § 1404(a), when convenient for the witnesses and parties, a district court may transfer any civil action to the district where it might have been brought. Venue is proper in the judicial district where any defendant resides, 28 U.S.C. § 1391(b)(1), or where a substantial part of the events giving rise to the claim occurred, *id.* § 1391(b)(2). The defendant school district is located in Orange County, which is in the Middle District of North Carolina. All of the relevant events

identified in the complaint occurred in Chapel Hill. All of the potential witnesses, other than Stern, likely reside in the Chapel Hill area. Stern's current residence is the only connection this lawsuit has to Michigan. However, "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185 (1979) (quoting *Denver & R.G.W.R. Co. v. Railroad Trainmen*, 387 U.S. 556, 560 (1967)). While it would be more convenient to Stern to litigate the lawsuit here, where she currently resides, the venue statute does not permit her to do that.

The decision to transfer a civil action may be raised by the court, sua sponte. *See Carver v. Knox Cnty., Tennessee*, 887 F.2d 1287, 1291 (6th Cir. 1989). Rather than dismissing the lawsuit, which might create statute of limitation problems for Stern, the lawsuit is **TRANSFERRED** to the appropriate venue, the United States District Court for the Middle District of North Carolina. **IT IS SO ORDERED.**

Date:   September 8, 2014               /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge